OPINION
{¶ 1} The defendant-appellant, Russell D. Levally ("Levally"), appeals the June 21, 2005 Judgment of conviction and sentence entered in the Court of Common Pleas, Union County, Ohio.
 {¶ 2} Detectives Don McGlenn of the City of Marysville Police Department and Mike Justice of the Union County Sheriff's Office utilized a confidential informant to make purchases of illegal drugs, including crack cocaine as part of an undercover drug operation. The confidential informant had committed a crime and agreed that he would help as a confidential informant in a few undercover drug operations rather than face a misdemeanor criminal charge. The confidential informant provided information that led to successful undercover purchases of narcotics, and ultimately the confidential informant became a paid informant for both the City of Marysville Police Department and the Union County Sheriff's office.
 {¶ 3} On July 14, 2004, the confidential informant contacted Detective McGlenn to advise him that he had the potential to purchase one half ounce of crack cocaine for $750.00 from Levally. The confidential informant had previously met Levally at a party where illegal drugs were used. The two had smoked crack cocaine together on a prior occasion and the confidential informant had previously purchased illegal drugs from Levally.
 {¶ 4} Specifically, on July 14, 2004, the confidential informant spoke to Levally on the telephone and asked to purchase one half ounce of crack cocaine from him for $750.00. Levally informed the confidential informant at that time that for him to get the quantity of crack cocaine that the confidential informant was asking for, he would have to go out of town to buy it. Therefore, arrangements were made for Levally to pick up the $750.00 from the confidential informant at the informant's house and to return the crack cocaine later that day.
 {¶ 5} Once the confidential informant had notified the detectives of the opportunity, they met with him and pursuant to standard protocol, they did a search of his vehicle, a strip search of the informant to insure that he didn't have any drugs or money on his person and placed a recording devise on his person. The detectives provided the informant with $750.00 in cash to complete the transaction and had the informant sign an expenditure report stating that he had received the cash.
 {¶ 6} The informant then met with Levally in Marysville at the corner of Main and First Streets to give Levally the money to purchase the crack cocaine. During the transaction, the detectives sat in an unmarked unit to conduct surveillance. The detectives then observed a vehicle registered to Levally and identified Levally as the person in the driver's seat. The transaction was recorded and the informant said "Here's this" and Levally told the informant that he would be gone for approximately two hours. Levally had previously told the informant on the phone that he was going to purchase the crack cocaine and return later. Following the exchange, the detectives met with the informant and did a strip search of his person and a search of his vehicle and did not find the $750.00. At that point the recording device was also removed from his person.
 {¶ 7} Later that evening, Levally called and told the informant to meet him at the home of Mike Vermillion, a known drug associate, "right away" if he wanted the "product," specifically, the crack cocaine. The informant went to Mark Vermillion's home and met with Levally without informing the detectives that he was going to the home to meet Levally to get the drugs. Rather, the informant and others, including Levally, smoked the crack cocaine which Levally had purchased. The informant claimed that he consumed the crack cocaine under duress, because individuals had learned that he was an informant.
 {¶ 8} On April 13, 2005, Levally was indicted by the Union County Grand Jury for one count of Trafficking in Crack Cocaine and one count of Theft.[1] On June 21, 2005, a jury trial was held. The jury found Levally guilty of one count of Trafficking in Crack Cocaine in an amount less than twenty-five grams but exceeding ten grams. Also, on June 21, 2005, the Judgment Entry of conviction and sentence was filed stating that Levally was convicted of the "Sale of or offer to sell Cocaine in violation of Ohio Revised Code Section 2925.03(A)(1), (C)(4)(e), a felony of the second degree" and sentencing him to a mandatory term of four years in prison with a mandatory fine of $7,500.00, plus the cost of prosecution, and restitution to the Sheriff of Union County of $750.00 "buy money."
 {¶ 9} On July 21, 2005, Levally filed his notice of appeal raising the following assignments of error:
 Assignment of Error 1 THE GUILTY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THEEVIDENCE ON BOTH THE SUBSTANTIVE COUNT AND THE ADDITIONALINTRROGATORY (sic) REGARDING WEIGHT
 Assignment of Error 2 DEFENDANT WAS DENIED DUE PROCESS OF LAW BECAUSE HE DID NOTRECEIVE EFFECTIVE ASSISTANCE OF COUNSEL
 Assignment of Error 3 IT WAS PLAIN ERROR FOR THE COURT TO ALLOW PRIOR BAD ACTS INTOEVIDENCE IN VIOLATION OF RULE OF EVIDENCE 404
 Assignment of Error 4 IT WAS ERROR FOR THE COURT NOT TO IMPOSE THE SHORTEST POSIBLE(sic) PRISON TERM SINCE THE APPELLANT HAD NO PRIOR FELONYRECORD AND HAD NOT PREVIOUSLY SERVED A PRISON TERM
 {¶ 10} In Levally's first assignment of error, he asserts that the jury verdict was against the manifest weight of the evidence on both the trafficking offense and the additional specification as to the amount. Levally was convicted of trafficking in crack cocaine in violation of R.C. 2925.03(A)(1), (C)(4)(e), a felony of the second degree.
 {¶ 11} Pursuant to R.C. 2925.03,
(A) No person shall knowingly do any of the following:
 (1) Sell or offer to sell a controlled substance;
* * *
(C) Whoever violates division (A) of this section is guilty ofone of the following:
* * *
(4) If the drug involved in the violation is cocaine or acompound, mixture, preparation, or substance containing cocaine,whoever violates division (A) of this section is guilty oftrafficking in cocaine. The penalty for the offense shall bedetermined as follows:
* * *
(e) Except as otherwise provided in this division, if theamount of the drug involved equals or exceeds * * * ten grams butis less than twenty-five grams of crack cocaine, trafficking incocaine is a felony of the second degree, and the court shallimpose as a mandatory prison term one of the prison termsprescribed for a felony of the second degree. * * *
 {¶ 12} When reviewing whether a verdict is against the manifest weight of the evidence, the appellate court must review the entire record, consider the credibility of witnesses, and determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541. In contrast, in State v.Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, the Ohio Supreme Court set forth the sufficiency of the evidence test as follows:
An appellate court's function when reviewing the sufficiencyof the evidence to support a criminal conviction is to examinethe evidence admitted at trial and determine whether suchevidence, if believed, would convince the average mind of thedefendant's guilt beyond a reasonable doubt. The relevant inquiryis whether, after viewing the evidence in light most favorable tothe prosecution, any rational trier of fact could have found theessential elements of the crime proven beyond a reasonabledoubt.
 {¶ 13} In this case, the jury heard testimony from the confidential informant, Detective Don McGlenn, Detective Douglas Ropp, Detective Michael Justice, and Russell Levally. The confidential informant, Detective Don McGlenn and Detecive Michael Justice provided testimony in the State's case in chief regarding the transaction that took place on July 14, 2004.
 {¶ 14} Levally, in his own defense testified as to the events of July 14, 2004. Levally admitted that he knew the confidential informant and that he had smoked crack cocaine with him in the past. He admitted that he did meet the confidential informant at the informant's home on July 14, 2004; however, he claimed that instead of there being an exchange of money that a crack pipe was actually exchanged. He admitted that it was his voice on the tape recording and stated that he was going to meet someone so he could purchase crack cocaine. He asserted that he did go out of town to purchase "dope" that day and admitted that he called the confidential informant on his return trip from purchasing the crack cocaine. He also admitted that he met with the confidential informant that evening at Mike Vermillion's home, where they smoked crack cocaine.
 {¶ 15} Furthermore, the State provided evidence that Levally did make an offer to sell crack cocaine in an amount exceeding 10 grams but less than 25 grams. Specifically, the confidential informant stated in his testimony that he offered to purchase crack cocaine from Levally in an amount of half an ounce. Both the confidential informant and Detective Justice testified that half an ounce is equal to fourteen grams. In addition, the expenditure form that was signed by the confidential informant for the $750.00 provided that the money was to purchase half an ounce of crack cocaine. Also, the confidential informant told his neighbor just prior to giving the money to Levally for the crack cocaine that he was purchasing half an ounce of crack cocaine from Levally.
 {¶ 16} In sum, in reviewing the totality of the evidence, we cannot conclude that the trial court clearly lost its way or created a manifest miscarriage of justice. Furthermore, after viewing the entire record and the evidence in the light most favorable to the State, we can say that a rationale trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Accordingly, the first assignment of error is overruled.
 {¶ 17} We shall address the third assignment of error prior to the second to provide a more succinct way of analyzing the assignments of error.
 {¶ 18} Levelly claims in his third assignment of error that it was plain error for the trial court to allow prior bad acts into evidence in violation of Evid. R. 404. At the outset, we note that Levally's claim may only be reviewed as plain error because this issue was never raised before the trial court. SeeState v. Comen (1990), 50 Ohio St.3d 206, 211.
 {¶ 19} Pursuant to Crim.R. 52(B), plain error requires that there be an obvious defect in the trial court proceedings that affects substantial rights. State v. Barnes (2002),94 Ohio St.3d 21, 27; State v. Long (1978), 53 Ohio St.2d 91, at paragraph two of the syllabus. Thus, "[o]nly extraordinary circumstances and the prevention of a miscarriage of justice warrant a finding of plain error." State v. Brown, Logan App. No. 8-02-09, 2002-Ohio-4755, ¶ 8, citing Long, supra at paragraph three of the syllabus. Furthermore, a trial court is provided with broad discretion in admitting evidence. State v.Williams (1982), 7 Ohio App.3d 160, 162, 454 N.E.2d 1334.
 {¶ 20} "An accused cannot be convicted of one crime by proving he committed other crimes or is a bad person." State v.Jamison (1990), 49 Ohio St.3d 182, 184, 552 N.E.2d 180; see Evid.R. 404. Evid.R. 404(B) prohibits the use of "other crimes, wrongs, or acts * * * to prove the character of a person in order to show that he acted in conformity therewith." Both Evid.R. 404 and Ohio statutory law provide exceptions to this rule. Specifically, Evid.R. 404(B) states that other acts evidence may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absent of mistake or accident." In addition, R.C. 2945.59
provides:
In any criminal case in which the defendant's motive orintent, the absence of mistake or accident on his part, or thedefendant's scheme, plan, or system in doing an act is material,any acts of the defendant which tend to show his motive orintent, the absence of mistake or accident on his part, or thedefendant's scheme, plan, or system in doing the act in questionmay be proved, whether they are * * * prior or subsequentthereto, * * *
Furthermore, even if the other acts evidence is relevant to some material issue at hand, Evid.R. 403(A) provides that it shall be excluded if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or of misleading the jury.
 {¶ 21} In this case, Detective Douglas Roup testified on direct examination by the State that he came in contact with Levally on March 15, 2005 in the Marysville Division of Police interview room where he spoke with Levally about some other incidents that he was investigating. He testified that at least on two occasions during the discussion Levally admitted to attempting to purchase or purchasing crack cocaine. On cross examination by defense counsel, Detective Roup stated that the conversation that he had with Levally did not have anything to do with this case. Detective Roup also testified that during that conversation Levally did not indicate that he had ever purchased drugs to sell to any other parties.
 {¶ 22} We cannot find, nor has the State established any basis for introducing these statements pertaining to other investigations in the State's case in chief at the trial of this case. Accordingly, we find this testimony to be error.
 {¶ 23} However, we do not believe that Detective Douglas Roup's testimony rises to the level of plain error under the particular circumstances of this case. For one thing, the testimony did not indicate that Levally had sold or offered to sell drugs in the past — but only that he admitted purchasing crack cocaine. This evidence may have been admissible to establish a valid offer to sell crack cocaine in this case. Moreover, having reviewed the entire record, and based on the strength of the other evidence against Levally, we cannot say that the outcome of this case would have been different absent the admission of Detective Roup's testimony. Long,53 Ohio St.2d 91. Thus, Levally's third assignment of error is without merit.
 {¶ 24} In Levally's second assignment of error, he claims that he was denied due process of law because he did not receive effective assistance of counsel. He states that numerous mistakes were made and his counsel failed to object to improper evidence. Specifically, he claims that his counsel allowed a witness to take the stand and talk about non-relevant prior bad acts committed by Levally.
 {¶ 25} In order to prevail on a claim of ineffective assistance of counsel, Levally must establish both of the following:
1. Trial counsel made errors so serious he was no longerfunctioning as counsel in the manner guaranteed by theSixth Amendment; and
 2. There is the reasonable probability that were it not fortrial counsel's errors, the results of the trial would have beendifferent.
See Strickland v. Washington (1984), 466 U.S. 668; State v.Bradley (1989), 42 Ohio St.3d 136. Thus, under this standard, Levally must show that his counsel's performance fell below an objective standard of reasonable representation and that prejudice arose from that deficient performance. Bradley,42 Ohio St.3d at 142.
 {¶ 26} Furthermore, the court must look to the totality of the circumstances and not isolated instances of an allegedly deficient performance. State v. Malone (Dec. 13, 1989), Montgomery App. No. 10564. "Ineffective assistance does not exist merely because counsel failed `to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it." Id. quoting Smith v. Murray (1986),477 U.S. 527, 106 S.Ct. 2661. Trial tactics that are debatable generally do not constitute a deprivation of effective counsel. State v.Phillips (1995), 74 Ohio St.3d 72, 85, 656 N.E.2d 643, certiorari denied (1996), 517 U.S. 1213, 116 S.Ct. 1835,134 L.Ed.2d 938. Furthermore, trial counsel's failure to make objections is within the realm of trial tactics and does not establish ineffective assistance of counsel. State v. Lockett
(1976), 49 Ohio St.2d 48, 358 N.E.2d 1062, paragraph nine of the syllabus.
 {¶ 27} Upon review, it is our conclusion that the evidence in this case regarding the claims of ineffective assistance of counsel revealed tactical or strategic trial decisions. Tactical or strategic trial decisions, even if ultimately unsuccessful, will not substantiate a claim of ineffective assistance of counsel. State v. Garrett (1991), 76 Ohio App.3d 57, 61. Specifically, the fact that Levally's counsel permitted a witness to take the stand and talk about non-relevant prior bad acts committed by Levally appears to be a strategic trial decision made by his counsel perhaps conceding that Levally has a pattern of purchasing crack cocaine for his own use but no prior history of ever selling it to others. As such, the claims Levally makes do not fall below an objective standard of reasonable representation. Nor, in this case, did they create any reasonable probability of a different outcome. Accordingly, Levally's second assignment of error is overruled.
 {¶ 28} Levally alleges in his fourth assignment of error that it was error for the trial court to impose a prison term longer than the shortest possible prison term for the offense pursuant to R.C. 2929.14(B). While this case was pending on appeal, the Supreme Court of Ohio issued its decision in State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856, and held that R.C. 2929.14(B), as well as several other provisions of Chapter 2929, is unconstitutional, and severed that provision from Ohio's felony sentencing scheme. Id. at ¶ 97. The Court then found that sentences based on these unconstitutional statutes were void and that cases involving such sentences must be remanded to the trial court. Id. at ¶ 103-4.
 {¶ 29} The prosecution argues, however, that the Foster
decision does not apply to the instant case, contending that violations of Chapter 2925 are specifically exempted from the requirements of R.C. 2929.14(B). That section provides:
Except as provided in * * * Chapter 2925. of the RevisedCode, if the court imposing a sentence upon an offender for afelony elects or is required to impose a prison term on theoffender, the court shall impose the shortest prison termauthorized for the offense . . ., unless one or more of thefollowing applies:
 (1) The offender was serving a prison term at the time of theoffense, or the offender previously had served a prison term.
 (2) The court finds on the record that the shortest prisonterm will demean the seriousness of the offender's conduct orwill not adequately protect the public from future crime by theoffender or others.
In essence, the prosecution argues that the trial court was not required to impose "the shortest prison term authorized for the offense" because the crime charged — trafficking in cocaine in violation of R.C. 2925.03(A)(1) (C)(4)(e) — was exempted from the requirements of this statute. Therefore the judicial findings of fact required by R.C. 2929.14(B), which have since been deemed a violation of the defendant's rights under the Sixth Amendment to the United States Constitution, were not needed to impose a longer prison term. Since the trial court was not required to make findings under that section, he argues, the fact that the statute has now been found unconstitutional is irrelevant to Levally's sentence. Accordingly, we must first address whether that section was applicable to the trial court's imposition of a prison sentence to Levally in the instant case.
 {¶ 30} Other Ohio courts have addressed the State's arguments that trial courts are exempted from the requirements of R.C.2929.14(B) when imposing sentences for violations of Chapter 2925, and found the argument unpersuasive. See State v. Weaver
(2001), 141 Ohio App.3d 512, 520, 751 N.E.2d 1096; State v.Walker, 10th Dist. No. 03AP-232, 2003-Ohio-6936, at ¶ 11; Statev. McDougald (Oct. 20, 2000), 2nd Dist. No. 17979, 2000 WL 1546905; State v. Cook (Dec. 7, 2000), 8th Dist. No. 77101. We agree with the analysis utilized by those districts. Each of the other districts addressing this issue have held that the introductory phrase in R.C. 2929.14(B) exempts drug offenses only when sentencing requirements in Chapter 2925 conflict with the requirements of R.C. 2929.14(B). See Walker, supra at ¶ 6-10. For example, the Weaver court noted that R.C. 2925.11(C)(4)(f) requires a trial court to impose the maximum term available, without any additional required findings. In such sections, where a specific sentence is mandated by Chapter 2925, that Chapter "provides" differently than R.C. 2929.14(B).
 {¶ 31} In the instant case, Levally was convicted of a violation of R.C. 2925.03(A)(1) (C)(4)(e), which classifies the violation as a second degree felony and requires the court to "impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree." Nothing in that section provides differently than the requirements of R.C.2929.14(B). See also Walker, at ¶ 12. Therefore, the trial court was required to make the additional findings necessary under R.C. 2929.14(B) in order to impose the four year prison term. Accordingly, Levally's sentence was based on a statute that was found unconstitutional by the Supreme Court of Ohio.Foster, at ¶ 97. Pursuant to the ruling in Foster, we find that Croft's sentence is void as being based upon unconstitutional statutes. Id. at ¶ 103. Appellant's fourth assignment of error is sustained.
 {¶ 32} Based on the foregoing, the June 21, 2005 conviction entered in the the Court of Common Pleas, Union County, Ohio is affirmed. However, the sentence imposed is void under Foster,
and therefore the case is remanded for further proceedings consistent with the Foster decision.
Judgment Affirmed in part and Vacated in part.
 Rogers and Cupp, JJ., concur.
[1] At the time of the indictment, the State was evidently still under the impression that Levally had simply absconded with the confidential informant's $750.00 — hence the count of theft by deception. Upon learning the truth only after commencement of trial, the theft count was dropped.