OPINION
{¶ 1} Defendant-appellant, Christopher Wagner, appeals the August 10, 2005 judgment of the Court of Common Pleas, Union County, Ohio. The trial court sentenced Wagner to a prison term of twelve months following a plea of guilty to one count of trafficking in cocaine in violation of R.C. 2925.03(A)(1) 
(C)(4)(c), a fourth degree felony. Wagner was also ordered to pay a $5,000.00 fine, the costs of prosecution, and $3,517.50 in restitution, and he had his driver's license suspended for five years.
 {¶ 2} Wagner was initially indicted by the Union County Grand Jury on two counts: one count of possession of cocaine in violation of R.C. 2925.11(A), a third degree felony, and one count of trafficking in cocaine in violation of R.C.2925.03(A)(1) (C)(4)(d), also a third degree felony. The charges stemmed from an incident in Union County where a confidential informant purchased cocaine from a friend of Wagner's. Wagner was allegedly an accomplice in the transaction, because he suggested a mode of packaging for the cocaine and got plastic "baggies" to hold the cocaine. Wagner claimed that he was unaware a drug transaction was going to take place when he arrived and that he received no money from the transaction.
 {¶ 3} Pursuant to plea negotiations the second indicted count was amended upon the motion of the State to a fourth degree felony trafficking charge, a violation of R.C.2925.03(A)(1)(C)(4)(c). Wagner thereafter pled guilty to the amended charge, and the State dropped the first indicted charge of possession.
 {¶ 4} At the change of plea hearing, the trial court properly determined that Wagner understood the nature of the charges against him and the maximum punishment he was facing pursuant to Crim.R. 11. Following the hearing, a pre-sentence investigation report was filed with the court. Thereafter, a sentencing hearing was held on August 10, 2005. The fourth degree felony trafficking charge carries a presumptive prison sentence of six to eighteen months. R.C. 2925.03(C)(4)(c);[1] R.C. 2929.14(A)(4). The trial court imposed a twelve-month prison term, finding that imposing the shortest prison term available would demean the seriousness of the offense and would not adequately protect the public from future crimes. See R.C. 2929.14(B). Wagner now appeals his sentence, asserting two assignments of error.
 Assignment of Error I The trial court erred when it deviated from its obligation toimpose the shortest prison term on an offender who had neverserved a previous prison term without making the requiredfindings and reasons at the sentencing hearing required pursuantto R.C. 2929.14(B).
 {¶ 5} In this assignment of error, Wagner claims that the trial court failed to make the findings required by R.C. 22929.14(B) in order to increase his sentence above the minimum prison term available for the offense. Under R.C. 2929.14(B), a trial court is required to "impose the shortest prison term authorized for the offense" unless the court finds (1) that the offender had served or was serving a prison term, (2) that the shortest prison term will demean the seriousness of the offense, or (3) that the shortest prison term will not adequately protect the public from future crimes. R.C. 2929.14(B). Wagner argues that the trial court failed to make the required findings on the record at the sentencing hearing, and therefore the sentence is invalid. See State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 6} However, we need not address Wagner's argument that the trial court failed to make the necessary findings on the record at the sentencing hearing. The Supreme Court of Ohio recently held that the R.C. 2929.14(B), that statute which authorized the trial court to impose a higher prison term, was unconstitutional.State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at ¶ 83. The Court also held that a sentence imposed pursuant to findings made in accordance with that statute was void. Id. at ¶ 103 — 4. The provision was severed from the felony sentencing statutory framework, leaving trial judges full discretion to sentence within the range authorized for the degree of offense in R.C.2929.14(A). In accordance with the Foster decision, this Court has remanded cases in which sentences were imposed under the invalid statutes, because those sentences have been rendered void. See State v. Levally, Union App. No. 14-05-28,2006-Ohio-1882, at ¶ 32.
 {¶ 7} In the instant case, however, the State argues that theFoster decision does not affect the sentence imposed on Wagner because R.C. 2929.14(B) specifically excludes sentences for offenses under Chapter 2925 of the Revised Code. R.C. 2929.14(B) states that "[e]xcept as provided in * * * Chapter 2925. of theRevised Code, * * * the court shall impose the shortest prison term authorized for the offense." Thus, the State argues that Wagner was never sentenced under the invalid statute, and his sentence is not rendered void.
 {¶ 8} We recently addressed this argument in Levally, and we agreed with the other District Courts of Appeals that "R.C.2929.14(B) exempts drug offenses only when sentencingrequirements in Chapter 2925 conflict with the requirements ofR.C. 2929.14(B)." Levally, at ¶ 30 (emphasis added). As an example, we noted that R.C. 2925.11(C)(4)(f) required the court to impose the maximum prison term available under R.C.2929.14(A), without requiring the trial court to make the necessary findings in R.C. 2929.14(B). Id. On the other hand, inLevally, where the defendant had been charged with second degree felony trafficking under R.C. 2925.03(C)(4)(e), the statute only required the court to "impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree." Id. at ¶ 31. Thus, we found there was nothing in that statute that conflicted with the requirements of R.C.2929.14(B), and accordingly the sentence imposed was still void under Foster. Id.
 {¶ 9} Likewise, the sentencing requirements under R.C.2925.03(C)(4)(c), which governs sentencing for Wagner's fourth degree felony trafficking violation, provide only that there is a presumption of a prison term. R.C. 2925.03(C)(4)(c). That section does impose a specific mandatory prison term and does not alter the requirements necessary to impose a sentence above the shortest prison term authorized for the offense. Thus, the section is not in conflict with R.C. 2929.14(B), and the trial court was required to make the additional findings in order to impose the twelve-month prison term in this case.
 {¶ 10} Accordingly, the sentence imposed is void pursuant to the Supreme Court's decision in Foster, and the matter must be remanded to the trial court for further proceedings consistent with that opinion. Foster, at ¶ 104; Levally, at ¶ 32. Based on the foregoing, Wagner's first assignment of error is sustained.
 Assignment of Error II The trial court erred when it made factual findingsunsupported by the record that Mr. Wagner failed to rebut thepresumption of imprisonment set forth in R.C. 2925.03(C)(4)(c).
 {¶ 11} In his second assignment of error, Wagner argues that the trial court erred in finding that he had not overcome the presumption contained in R.C. 2925.03(C)(4)(c) that imposition of a prison sentence is necessary to comply with the purposes and principles of sentencing. See also R.C. 2929.13(D). Wagner argues that the record supports a finding that the factors in R.C.2929.12 indicate that he was not likely to recidivate and that his conduct was less serious than conduct normally constituting the offense.
 {¶ 12} Our review of this issue begins by noting that when reviewing the imposition of a felony sentence, an appellate court must "review the factual findings of the trial court under R.C.2953.08(G)'s `clear and convincing' standard." State v. Martin
(1999), 136 Ohio App.3d 355, 361, 736 N.E.2d 907; State v.Woodruff, Union App. No. 14-04-07, 2004-Ohio-3547, at ¶ 4. Thus, an appellate court may only substitute its judgment for that of the trial court on a showing by clear and convincing evidence that the record does not support the sentencing court's findings or is otherwise contrary to law. State v. Kuhlman, Paulding App. No. 11-01-05, 2001-Ohio-2331; R.C. 2953.08(G)(2)(a)(b). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cross v.Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118. Moreover, an appellate court should not simply substitute its judgment because the trial court is "clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims." State v. Watkins, Allen App. No. 1-04-17, 2005-Ohio-2359, at ¶ 6 (citing State v. Jones (2001),93 Ohio St.3d 391, 400, 754 N.E.2d 1252).
 {¶ 13} Under R.C. 2925.03(C)(4)(c), there is a presumption that someone guilty of a fourth degree felony trafficking offense should serve a prison term. Pursuant to R.C. 2929.13(D), a trial court is required to adhere to the presumption and impose a prison sentence unless it makes two findings: (1) that community control sanctions would adequately punish the offender and protect the public because the factors in R.C. 2929.12 point towards a lesser likelihood of recidivism, and (2) that community control sanctions would not demean the seriousness of the offense because the factors in R.C. 2929.12 indicate that the offender's conduct was less serious than conduct normally constituting the offense.
 {¶ 14} Applying these factors to the instant case, the trial court found that Wagner was likely to recidivate. The court noted a past criminal conviction and that Wagner had failed to acknowledge a pattern of drug or alcohol abuse that is related to the offense. See R.C. 2929.12(D)(2)(4). The court also found that Wagner had shown no genuine remorse for his conduct. See R.C. 2929.12(D)(5). One factor in R.C. 2929.12 weighing in favor of Wagner not being likely to recidivate is the fact that he had led a law-abiding life for a significant number of years. R.C.2929.12(E)(3).
 {¶ 15} We find that Wagner has failed to show by clear and convincing evidence that the findings of the trial court were unsupported by the record. The pre-sentence investigation report shows a prior criminal conviction for disorderly conduct. It also shows that Wagner was a former drug user, although he had not used since 2000 and no illegal substances were found in his system when drug-screened by the police.
 {¶ 16} This later evidence, though it is not in itself indicative of Wagner's likelihood to recidivate, does undermine Wagner's explanation for his conduct. The facts show that Wagner facilitated in a drug transaction by suggesting how to separate and package portions of cocaine and by obtaining materials to be used in the packaging. Wagner's later statement was that he did not understand this to be a criminal offense, since he claimed to have no prior knowledge of the drug transaction and otherwise took no part in the exchange. He claims that he was "in the wrong place at the wrong time" and that he did not know his actions made him an accomplice. However, Wagner's prior history with drugs and alcohol make it unlikely that he would believe his participation in the transaction in this manner was not criminal. Rather, it supports the trial court's conclusion that he showed no genuine remorse for the crime and that he was more likely to recidivate.
 {¶ 17} Therefore, because Wagner has failed to establish by clear and convincing evidence that he was less likely to recidivate, he has failed to demonstrate that community control sanctions would be adequate punishment and would protect the public. Accordingly, the trial court did not err in finding that Wagner had failed to rebut the presumption that a prison sentence was necessary to comply with the purposes and principles of felony sentencing as outlined by the Revised Code. Wagner's second assignment of error is overruled.
 {¶ 18} However, due to our resolution of the first assignment of error, and in accordance with the Supreme Court's ruling inFoster which renders his sentence void, the matter is remanded to the trial court for further proceedings.
Sentence vacated and caused remanded.
 Rogers and Cupp, JJ., concur.
[1] R.C. 2925.03(C)(4)(c) provides: "Except as otherwise provided in this division, if the amount of the drug involved equals or exceeds five grams but is less than ten grams of cocaine that is not crack cocaine or equals or exceeds one gram but is less than five grams of crack cocaine, trafficking in cocaine is a felony of the fourth degree, and there is a presumption for a prison term for the offense."