OPINION
{¶ 1} The appellant, John Sawyer, appeals the October 14, 2003 judgment of the Common Pleas Court of Allen County, Ohio, sentencing him to two concurrent terms of imprisonment, totaling three years, for his two convictions of trafficking in cocaine.
 {¶ 2} On May 15, 2003, Sawyer was indicted by the Allen County Grand Jury for two counts of trafficking in cocaine in violation of R.C. 2925.03(A) and (C)(4)(d), each a felony of the third degree with mandatory imprisonment. Initially, Sawyer entered pleas of not guilty but later changed his pleas to those of guilty pursuant to plea negotiations with the appellee, the State of Ohio. The trial court accepted the guilty pleas and found Sawyer guilty on both counts. Thereafter, Sawyer was sentenced to three years on each count, to be served concurrently with one another. This appeal followed, and Sawyer now asserts two assignments of error.
The trial court committed an error of law by imposing morethan the minimum sentence.
 The trial court committed an error of law in its findingspursuant to R.C. 2929.12(B) and R.C. 2929.13(B)(1)(e).
 First Assignment of Error {¶ 3} In his first assignment of error, Sawyer contends that the trial court erred by sentencing him to more than the minimum sentence for a third degree felony. Specifically, he asserts that the court failed to find that he was serving a prison term at the time of the offense, previously had served a prison term, or that the shortest term would demean the seriousness of the offense or would not adequately protect the public as required by R.C.2929.14(B). Notably, the State of Ohio agrees. Upon review, this Court, likewise, agrees.
 {¶ 4} Initially, we note that in reviewing the sentencing decision of a trial court, an appellate court must "review the factual findings of the trial court under R.C. 2929.19(G)'s `clear and convincing' standard, and that the appellate record is not complete until such findings have been made." State v.Martin (1999), 136 Ohio App.3d 355, 361. Thus, a sentence imposed by a trial court will not be disturbed absent a showing by clear and convincing evidence that the trial court committed one of the errors described by R.C. 2953.08(G): the sentence is unsupported by the record; the procedure of the sentencing statutes was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law.
 {¶ 5} In determining what sentence to impose upon a defendant, a trial court is "granted broad discretion in determining the most effective way to uphold" the two overriding purposes of felony sentencing: "to protect the public from future crime and to punish the offender." State v. Avery (1998),126 Ohio App.3d 36, 50. However, trial courts are required "to make various findings before properly imposing a felony sentence."State v. Alberty (Mar. 28, 2000), 3rd Dist. No. 1-99-84, unreported, 2000 WL 327225. In fact, the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12, 2929.14, and2929.19, in effect, determine a particular sentence, and a sentence unsupported by these findings is both incomplete and invalid. See State v. Martin (1999), 136 Ohio App.3d 355.
 {¶ 6} In the case sub judice, Sawyer was convicted of two third degree felonies. The Revised Code provides that an offender who commits a felony of the third degree may be sentenced to one, two, three, four, or five years in prison. R.C.2929.14(A)(3). Trafficking in cocaine as a third degree felony carries a mandatory prison term. R.C. 2925.03(C)(4)(d). Thus, the trial court was required to impose a term of imprisonment within the range established by R.C. 2929.14(A)(3) on Sawyer. The trial court elected to sentence Sawyer to three years of imprisonment, a term well within the appropriate sentencing range. However, the Revised Code also requires that the court impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
(1) The offender was serving a prison term at the time of theoffense, or the offender previously had served a prison term.
 (2) The court finds on the record that the shortest prisonterm will demean the seriousness of the offender's conduct orwill not adequately protect the public from future crime by theoffender or others.
R.C. 2929.14(B)(1-2). Thus, when imposing more than the minimum sentence, i.e., three years rather than one year, the trial court was required to make the aforementioned finding(s). See State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶¶ 19, 25 (citations omitted). Moreover, the court was required to provide its findings orally at the sentencing hearing rather than merely including the findings in its judgment entry. Id. at ¶ 25.
 {¶ 7} Here, the pre-sentence investigation ("PSI") revealed that Sawyer was not serving a prison term at the time of the offense nor had he previously served a prison term. Thus, R.C.2929.14(B)(1) was not applicable. However, in its judgment entry, the trial court found that division (B)(2) was applicable. Specifically, the court found that the shortest term of imprisonment would demean the seriousness of Sawyer's conduct. As previously noted, merely placing this finding in its entry was not sufficient because the court was required to orally make this finding at the sentencing hearing, which it failed to do. Thus, the trial court erred by not following the procedure of the sentencing statutes as required by R.C. 2953.08(G), and the first assignment of error is sustained.
 Second Assignment of Error {¶ 8} Sawyer next asserts that the trial court erred in finding that his offenses were committed for hire or as part of an organized criminal activity. The Revised Code provides discretion to a trial court in determining "the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A). However, in exercising that discretion, a trial court must consider the various seriousness and recidivism factors set forth in R.C. 2929.12(B-E). Included in the seriousness factors is whether "[t]he offender committed the offense for hire or as a part of an organized criminal activity." R.C.2929.12(B)(7).[1] However, neither the term "for hire" nor the term "organized criminal activity" are defined in R.C. Chapter 2929, a fact recently discussed by the Sixth District Court of Appeals. See State v. Martinez (Feb. 22, 2002), Wood App. No. WD-01-027, unreported, 2002 WL 255499.
 {¶ 9} In Martinez, the court noted that "courts must determine on a case-by-case basis whether an offense is part of an organized criminal activity." Id., citing State v. Obregon
(Aug. 25, 2000), 6th Dist. No. S-99-042, unreported, 2000 WL 1205446; State v. Shryock (Aug. 1, 1997), 1st Dist. No. C-961111, unreported, 1997 WL 1008672 (the offender was not part of an organized criminal activity when he merely acted as a "look-out" for his criminal colleague). The Sixth District relied, in part, on the definition of "organized criminal activity" contained in R.C. Chapter 177, entitled "Investigation and Prosecution of Organized Criminal Activity," in order to determine whether Martinez committed his offenses as part of an organized criminal activity. Martinez, supra.
 {¶ 10} Chapter 177's definition of organized criminal activity includes "any violation, combination of violations, or conspiracy to commit one or more violations of section2925.03[.]" R.C. 177.01(E)(1). Thus, the Sixth District concluded "drug trafficking by its very nature is part of an organized criminal activity in that the seller must obtain the drugs from a supplier and is only one link in a long chain of illegal activity." Martinez, supra. Based on this definition and because Martinez was convicted on four counts of trafficking in marijuana, the court found that his actions were part of an organized criminal activity. Id.; but see, State v. Eckliffe,
11th Dist. No. 2001-L-104, 2002-Ohio-7135, at ¶¶ 25-27, 2002 WL 31862653 (finding that offense was not committed as part of an organized criminal activity where the defendant was a street level dealer and amount involved was relatively small).
 {¶ 11} In this case, Sawyer stated during his sentencing hearing, and the PSI reflected, that on two separate occasions, March 24, 2003, and April 2, 2003, Sawyer sold over twelve grams of powder cocaine in each transaction to a confidential informant ("CI") for $550 per sale. Sawyer maintained that he was approached by the CI on several occasions, asking him to obtain some cocaine for the CI but that he refused. Finally, Sawyer consented, sold cocaine to the CI, and received drugs to feed his habit in return for selling cocaine to the CI. Based on this information, the trial court found that Sawyer committed these offenses for hire and as part of an organized criminal activity. In explaining this finding, the court stated: "I don't mean that you were hired by someone to do it, but that you did it for profit to yourself. Even if it was just to get drugs for yourself, it was also part of an organized criminal activity." Given the amount of cocaine involved and the facts surrounding the purchases, including obtaining drugs for himself as part of the transaction, we agree with the reasoning of the Sixth District and conclude that the trial court did not err in finding that these offenses were committed as part of an organized criminal activity. Thus, the second assignment of error is overruled.
 {¶ 12} For these reasons, the judgment of the Common Pleas Court of Allen County, Ohio, is affirmed in part, reversed in part, and the cause remanded for further proceedings in accordance with law.
Judgment affirmed in part, reversed in part and cause remanded.
Cupp and Bryant, JJ., concur.
[1] Sawyer also claims that the trial court erred in making this finding pursuant to R.C. 2929.13(B)(1)(e). While the trial court did make this finding in accordance with this section in addition to its finding under R.C. 2929.12, it was not required to do so as R.C. 2929.13(B)(1)(e) applies only to felonies of the fourth and fifth degree rather than third degree felonies as are at issue in this case. Thus, we will only discuss this finding as it pertains to the requirements of R.C. 2929.12.