OPINION
{¶ 1} The appellant, Greg Woodruff, appeals the February 23, 2004 judgment of the Common Pleas Court of Union County, Ohio, sentencing him to an eleven-month term of imprisonment for his conviction for possession of cocaine. Although originally placed on the accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} On September 26, 2003, Woodruff was stopped by law enforcement officers for speeding. At some point during this stop, Woodruff gave his lunchbox to the officers. Located inside the lunchbox were 2.81 grams of cocaine. Thereafter, on December 8, 2003, Woodruff was indicted by the Union County grand jury on one count of possession of cocaine in an amount less than five grams in violation of R.C. 2925.11(A), (C)(4)(a). Initially, Woodruff entered a plea of not guilty to the charge but later changed this plea to one of guilty. The court accepted this plea, found Woodruff guilty of possession of cocaine in an amount less than five grams, a felony of the fifth degree, and sentenced him to eleven months in prison. This appeal followed, and Woodruff now asserts one assignment of error.
The trial court erred in imposing a prison term upon appellant for aconviction of a felony of the fifth degree, as such sentence was contraryto law, thereby depriving appellant of due process of law as guaranteedby the fourteenth amendment to the united states constitution.
 {¶ 3} In his sole assignment of error, Woodruff asserts that his sentence of eleven months was contrary to law. More specifically, he maintains that the trial court should have sentenced him to community control sanctions rather than imposed a term of imprisonment because the court erroneously found that he committed his crime as part of an organized criminal activity.
 {¶ 4} Our review of this issue begins by noting that in reviewing the sentencing decision of a trial court, an appellate court must "review the factual findings of the trial court under R.C. 2953.08(G)'s `clear and convincing' standard, and that the appellate record is not complete until such findings have been made." State v. Martin (1999), 136 Ohio App.3d 355,361. Thus, a sentence imposed by a trial court will not be disturbed absent a showing by clear and convincing evidence that the trial court committed one of the errors described by R.C. 2953.08(G): the sentence is unsupported by the record; the procedure of the sentencing statutes was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law.
 {¶ 5} In determining what sentence to impose upon a defendant, a trial court is "granted broad discretion in determining the most effective way to uphold" the two overriding purposes of felony sentencing: "to protect the public from future crime and to punish the offender." State v. Avery
(1998), 126 Ohio App.3d 36, 50. However, although the Revised Code provides discretion to a trial court in determining the most effective way to comply with the purposes and principles of sentencing, in exercising that discretion, a trial court must comply with the various sentencing statutes. In accordance with these statutes, trial courts are required "to make various findings before properly imposing a felony sentence."State v. Alberty (Mar. 28, 2000), 3rd Dist. No. 1-99-84, unreported, 2000 WL 327225. In fact, the trial court's findings under R.C. 2929.03,2929.04, 2929.11, 2929.12, 2929.14, and 2929.19, in effect, determine a particular sentence, and a sentence unsupported by these findings is both incomplete and invalid. See Martin, 136 Ohio App.3d 355.
 {¶ 6} In the case sub judice, Woodruff was convicted of a fifth degree felony. The sentence for this type of offense is governed by R.C.2929.13(B). See R.C. 2925.11(C)(4)(a). Section 2929.13(B)(1) requires a court to determine whether certain factors are applicable to the offender. If the court finds that any one of these factors applies, it must next consider the seriousness and recidivism factors listed in R.C.2929.12(B-E) in order to determine whether a prison term is consistent with the purposes and principles of sentencing and whether the offender is not amenable to an available community control sanction. R.C.2929.13(B)(2)(a). If the court answers these two questions in the affirmative, it is required to impose a prison term upon the offender. R.C. 2929.13(B)(2)(a). For a fifth degree felony, the permissible terms of imprisonment are six, seven, eight, nine, ten, eleven, or twelve months. R.C. 2929.14(A)(5).
 {¶ 7} However, if the court does not find that one of the factors listed in R.C. 2929.13(B)(1) (a-i) applies, it must next consider the seriousness and recidivism factors listed in R.C. 2929.12(B-E) in order to determine whether "a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing[.]" R.C. 2929.13(B)(2)(b). If community control is consistent with the purposes and principles of sentencing, the court is required to impose a community control sanction or combination of community control sanctions. R.C. 2929.13(B)(2)(b).
 {¶ 8} Among the factors enumerated in R.C. 2929.13(B)(1) is whether "[t]he offender committed the offense for hire or as part of an organized criminal activity." R.C. 2929.13(B)(1)(e). In this case, the trial court found that Woodruff committed this offense as part of an organized criminal activity.
 {¶ 9} Neither the term "for hire" nor the term "organized criminal activity" are defined in R.C. Chapter 2929, a fact recently addressed by the Sixth District Court of Appeals, State v. Martinez (Feb. 22, 2002), Wood App. No. WD-01-027, unreported, 2002 WL 255499, and followed by this Court, State v. Sawyer, Allen App. No. 1-03-82, 2004-Ohio-1719, ¶¶ 8-11. In Martinez, the court relied, in part, on the definition of "organized criminal activity" contained in R.C. Chapter 177, entitled "Investigation and Prosecution of Organized Criminal Activity," in order to determine whether Martinez committed his offenses as part of an organized criminal activity. Martinez, supra.
 {¶ 10} Chapter 177's definition of organized criminal activity includes "any violation, combination of violations, or conspiracy to commit one or more violations of section 2925.03, 2925.04, 2925.05,2925.06, or 2925.11 of the Revised Code other than a violation of section2925.11 of the Revised Code that is a minor drug possession offense[.]" R.C. 177.01(E)(1) (emphasis added). Section 2925.03, which is among the various sections listed in the definition of organized criminal activity, prohibits trafficking in drugs. Thus, the Sixth District concluded "drug trafficking by its very nature is part of an organized criminal activity[.]" Martinez, supra. Based on this definition and because Martinez was convicted on four counts of trafficking in marijuana, the court found that his actions were part of an organized criminal activity. Id.; but, see, State v. Eckliffe, 11th Dist. No. 2001-L-104, 2002-Ohio-7135, at ¶¶ 25-27, 2002 WL 31862653 (finding that offense was not committed as part of an organized criminal activity where the defendant was a street level dealer and amount involved was relatively small). This Court, relying on the rationale of Martinez,
likewise held that Sawyer's actions were part of an organized criminal activity based on his two convictions of trafficking in cocaine. Sawyer,
2004-Ohio-1719, at ¶ 11.
 {¶ 11} Here, unlike Martinez and Sawyer, Woodruff was not convicted oftrafficking in cocaine in violation of R.C. 2925.03. Rather, he was convicted of possession of cocaine, a violation of R.C. 2925.11. As previously noted, the definition of "organized criminal activity" provided in R.C. 177.01(E)(1) specifically excludes "a violation of section 2925.11
of the Revised Code that is a minor drug possession offense[.]" Revised Code section 177.01 also states, "As used in sections 177.01 to 177.03 of the Revised Code: * * * (5) `Minor drug possession offense' has the same meaning as in section 2925.01 of the Revised Code." R.C. 177.01(E)(5). The definition of "minor drug possession offense" provided in R.C. 2925.01, includes "[a] violation of section 2925.11 of the Revised Code as it exists on and after July 1, 1996, that is a misdemeanor or a felony of the fifth degree." R.C. 2925.01(EE)(2). Accordingly, Woodruff committed a minor drug possession offense, which does not qualify as organized criminal activity under the statutory definition.
 {¶ 12} Nevertheless, the court found that Woodruff committed the offense as part of an organized criminal activity. Although the court made this finding, it did not provide any explanation for this finding. However, the court questioned Woodruff about the possession charge and expressed its opinion that Woodruff intended to sell the cocaine that was in his possession, which Woodruff denied. In addition, the pre-sentence investigation ("PSI") in this case provided the prosecution's version of the events comprising the instant offense, which indicated that the police suspected that Woodruff was selling cocaine near a local bar. Despite the suspicions of the investigating officers, as stated in the PSI, Woodruff "was not caught trafficking, but instead was caught with possession," and was charged with this crime rather than trafficking. Given this status of the record, the court had no evidence before it to conclude that Woodruff committed any drug offense other than possession of cocaine. Therefore, Woodruff has clearly and convincingly shown that this finding was made in error.
 {¶ 13} Notably, the court found no other factors listed in R.C.2929.13(B)(1) to be applicable. Pursuant to R.C. 2929.13(B)(2)(b), the court should have proceeded to consider the seriousness and recidivism factors listed in R.C. 2929.12(B-E) in order to determine whether "a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing[.]" However, the court did not make the determinations necessary for compliance with this division. Rather, it erroneously followed the mandates of division (B)(2)(a) and sentenced Woodruff to a term of imprisonment. As R.C. 2929.13(B)(2)(b) is the applicable sentencing provision in the case sub judice, we find by clear and convincing evidence that Woodruff's sentence was contrary to law.[1] Therefore, we must remand this case for re-sentencing under R.C. 2929.13(B)(2)(b).
 {¶ 14} For these reasons, the assignment of error is sustained, and the judgment of the Court of Common Pleas of Union County, Ohio, is reversed and the cause remanded to the trial court for further proceedings in accordance with law.
Judgment reversed and cause remanded.
Bryant and Rogers, JJ., concur.
[1] We further note that the trial court found that Woodruff's conduct was more serious than conduct normally constituting the offense, pursuant to R.C. 2929.12(B-C). However, the court made this determination based, in part, on finding that Woodruff committed this offense as a part of an organized criminal activity, which would indicate that the offense is more serious. See R.C. 2929.12(B)(7). As previously discussed, this finding was made in error. Furthermore, in considering the factors listed in R.C. 2929.12(E), which indicate that the offender is not likely to commit future crimes, the trial court failed to find that Woodruff had not been adjudicated a delinquent child although Woodruff stated that he had not been adjudicated a delinquent child and the PSI stated that no record of delinquency had been found. Thus, upon remand, the trial court is instructed to reconsider the seriousness and recidivism factors of R.C. 2929.12 in light of these other errors.