[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] We take our spelling of appellant's first name from the trial court's judgment entry. That spelling appears to be in error, however, and appellant's first name is actually spelled "Elmer."
 DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment of conviction and sentence. Elmar D. Cuble, defendant below and appellant herein, pled guilty to vandalism in violation of R.C. 2909.05(B)(2) (E).
 {¶ 2} Appellant assigns the following errors for review: *Page 2 
 FIRST ASSIGNMENT OF ERROR:
 "A COURT MAY ONLY ORDER A DEFENDANT TO PAY RESTITUTION FOR DAMAGES RESULTING FROM THE OFFENSE OF CONVICTION. THE COURT ORDERED MR. CUBLE, WHO WAS ONLY CONVICTED OF VANDALISM, TO PAY RESTITUTION FOR DAMAGES RESULTING FROM AN AGGRAVATED THEFT. THIS ERROR DEPRIVED MR. CUBLE OF HIS RIGHT TO DUE PROCESS AS GUARANTEED BY THE DUE PROCESS CLAUSES OF THE OHIO [AND] UNITED STATES CONSTITUTIONS."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN ORDERING MR. CUBLE TO PAY RESTITUTION FOR DAMAGES EXCEEDING THE AMOUNT OF LOSS THE VICTIM SUFFERED. THIS ERROR DEPRIVED MR. CUBLE OF HIS RIGHT TO DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS."
 THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN FAILING TO CONDUCT A HEARING TO DETERMINE THE VICTIM'S ECONOMIC LOSS AND TO DETERMINE MR. CUBLE'S ABILITY TO PAY $93,795.18 IN RESTITUTION. THIS ERROR DEPRIVED MR. CUBLE OF HIS RIGHTS TO DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS."
 FOURTH ASSIGNMENT OF ERROR:
 "THE COURT IMPROPERLY APPLIED THE ORGANIZED-CRIMINAL-ACTIVITY FACTOR IN R.C. 2929.12(B)(7) TO JUSTIFY IMPOSING THE MAXIMUM SENTENCE. THIS ERROR VIOLATED MR. CUBLE'S RIGHTS TO DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS."
 FIFTH ASSIGNMENT OF ERROR:
 "MR. CUBLE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE TRIAL *Page 3 
COUNSEL FAILED: 1) TO OBJECT TO THE COURT'S IMPOSING RESTITUTION FOR AN OFFENSE OF WHICH MR. CUBLE WAS NOT CONVICTED; 2) TO CONTEST THE $93,795.18 RESTITUTION ORDER FOR THE ALL [sic] REASONS STATED IN THE SECOND ASSIGNMENT OF ERROR; 3) TO REQUEST A HEARING ON THE AMOUNT OF RESTITUTION AND MR. CUBLE'S ABILITY TO PAY; 4) TO OBJECT TO THE COURT'S IMPROPERLY FINDING THE OFFENSE WAS AN `ORGANIZED CRIMINAL ACTIVITY' AND ITS IMPOSITION OF THE MAXIMUM SENTENCE. COUNSEL'S FAILURES DEPRIVED MR. CUBLE OF HIS RIGHTS TO COUNSEL AND DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS."
 {¶ 3} On June 12, 2006, appellant and two others broke into Mel's Diamond House, Inc., at 454 Pike Street in Marietta. They were eventually caught and indicted for aggravated theft, vandalism and breaking and entering. Appellant pled not guilty to the three charges.
 {¶ 4} Appellant and appellee eventually reached an agreement for a guilty plea to vandalism in exchange for the dismissal of the two remaining counts. At the January 5, 2007 hearing the trial court explained to appellant his various rights and, satisfied that he understood them, accepted his plea and found him guilty. The trial court sentenced appellant to serve eighteen months imprisonment and pay $61,508.68 in restitution to Mel's Diamond House and $32,286.50 to Westfield Insurance. This court granted appellant leave to file a delayed appeal.
 I {¶ 5} We first consider, out of order, appellant's third assignment of error wherein appellant asserts that the trial court erred by ordering him to pay restitution without first holding a hearing to determine his ability to pay. Appellee candidly concedes "the matter should be remanded for a full hearing to determine appropriate *Page 4 
restitution." We agree.
 {¶ 6} R.C. 2929.18(A)(1) permits a court to impose restitution. Before a court may impose restitution, however, the court must consider the offender's present and future ability to pay. R.C. 2929.19(B)(6). This Court has previously held that a trial court need not explicitly state in its judgment that it considered a defendant's ability to pay a financial sanction. Rather, we look to the totality of the record to see if this requirement has been satisfied. State v. Smith, Ross App. No. 06CA2893, 2007-Ohio-1884, at ¶ 41; State v. Ray, Scioto App. No. 04CA2965, 2006-Ohio-5343, at ¶ 26. We have held that a trial court complies with R.C. 2929.19(B)(6) when the court considered the pre-sentence investigation report (PSI), which provides financial information regarding an offender's ability to pay restitution.Smith, supra at ¶ 42; State v. Henderson, Vinton App. No. 07CA659,2008-Ohio-2063, at ¶ 7.
 {¶ 7} Although the sentencing hearing transcript in the case sub judice indicates that the trial court considered the PSI, we decline to apply our prior holdings here. All of the information contained in the PSI tends to negate the suggestion that appellant can pay restitution. According to the PSI, appellant: (1) has been in and out of Michigan prisons on a consistent basis since 1981; (2) is approximately $10,000 in arrears on child support; (3) has no verifiable employment history for the last three years; (4) claims to have "a permanent disability" and to having received Social Security disability benefits; and (5) has no financial assets. Although we decline to conclude that these factors definitively demonstrate that appellant has no present or future ability to pay restitution, the factors raise an issue to warrant consideration of appellant's ability to pay this financial sanction. We therefore sustain appellant's third assignment of error.
 II *Page 5 {¶ 8} Appellant's first and second assignments of error involve other problems with the restitution order. However, because we have reversed and remanded that order for further proceedings, these assignments of error have been rendered moot and will be disregarded. See App. R. 12(A)(1)(c).
 III {¶ 9} Appellant argues in his fourth assignment of error that the trial court improperly cited the R.C. 2929.12(B)(7) "organized criminal activity" factor to justify a maximum sentence. We disagree with appellant.
 {¶ 10} In State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470,2006-Ohio-856, wherein the Ohio Supreme Court struck down several Ohio felony sentencing statutes as unconstitutional and declared that trial courts have discretion to impose prison sentences within the range allowed by law. Id. at paragraph seven of the syllabus. In other words, if a sentence falls within the allowable statutory range, appellate courts may only review those sentences for an abuse of discretion.State v. Bailum, Clark App. No. 2007-CA-55, 2008-Ohio-2999, at ¶ 5;State v. Burrows, Delaware App. No. 07CAA80039, 2008-Ohio-2861, at ¶ 11; State v. Davis, Highland App. No. 06CA21, 2007-Ohio-3944, at ¶ 42; State v. Haney, Lake App. No. 2006-L-253, 2007-Ohio-3712, *Page 6 
at ¶ 24.[3]
 {¶ 11} Generally, an abuse of discretion connotes more than an error of law or judgment; rather, it implies that a trial court's attitude is unreasonable, arbitrary or unconscionable. State v. Clark (1994),71 Ohio St.3d 466, 470, 644 N.E.2d 331, 335; State v. Moreland (1990),50 Ohio St.3d 58, 61, 552 N.E.2d 894, 898. In reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court. State ex rel. Duncan v. Chippewa Twp. Trustees
(1995), *Page 7 73 Ohio St.3d 728, 732, 654 N.E.2d 1254; In re Jane Doe 1 (1991), 57 Ohio St.3d 135,137-138, 566 N.E.2d 1181. To establish an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will, but perversity of will; not the exercise of judgment, but defiance of judgment; and not the exercise of reason, but, instead, passion or bias. Vaught v. Cleveland ClinicFound., 98 Ohio St.3d 485, 787 N.E.2d 631, 2003-Ohio-2181, ¶ 13;Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256,662 N.E.2d 1. For the following reasons, we find no abuse of discretion in the trial court's decision in the case sub judice.
 {¶ 12} Even assuming arguendo the trial court's focus on "organized criminal activity" was misplaced, we believe that the court cited other factors that fully justified appellant's sentence, including a lengthy criminal record, the failure of prior sanctions to rehabilitate appellant and the "serious economic harm" that he helped to cause to the victim. All things considered, we cannot find that the sentence was arbitrary, unreasonable or unconscionable.[4] As for appellant's contention that the trial court erred by citing the R.C. 2929.12(B)(7) "organized criminal activity" to justify his sentence, we note that "organized criminal activity" is not defined in R.C. Chapter 2929 and courts must determine on a case-by-case basis if an offense is part of an organized criminal activity. See State v. Jones, Butler App. No. CA2004-06-144, at ¶ 34; State v. Sawyer, Allen App. No. 1-03-82,2004-Ohio-1719, at ¶ 9. Appellant urges us to adopt the R.C. 177.01(E)(1) definition which defines "organized criminal activity," inter alia, as follows:
 {¶ 13} "any combination or conspiracy to engage in activity that *Page 8 
constitutes engaging in a pattern of corrupt activity; any violation, combination of violations, or conspiracy to commit one or more violations of section 2925.03, 2925.04, 2925.05, 2925.06, or 2925.11 of the Revised Code other than a violation of section 2925.11 of the Revised Code . . . or any criminal activity that relates to the corruption of a public official, as defined in section 2921.01 of the Revised Code, or of a public servant of the type described in division (B)(3) of that section."
 {¶ 14} We agree that if this is the appropriate definition, appellant did not engage in organized criminal activity as there was no demonstrable pattern of corrupt activity by the three individuals who broke into the jewelry store. However, if the Ohio General Assembly intended for R.C. 177.01(E)(1) to be the definition of organized criminal activity, they could have written that preference into the statute.
 {¶ 15} Here, the trial court noted that appellant and his two cohorts traveled from Michigan to Marietta to rob the jewelry store, thereby indicating a certain degree of planning and organization. "Organize" can mean to "establish as an organization" and an organization is "something comprising elements with varied functions that contribute to the whole and to collective functions" or it can also mean a "number of persons . . . having specific responsibilities and united for a particular purpose." The American Heritage Dictionary (2nd Ed. 1985) 876. Using this definition, the trial court would have been justified in finding that these men participated in an organized criminal activity.
 {¶ 16} Fortunately, we need not weigh into this definitional thicket for two reasons. First, R.C. 2929.12 allows a trial court to consider "any other factors that are relevant to" sentencing. Id. at (A). Thus, even if the court, for purposes of argument, mistakenly referred to appellant's activities as "organized criminal activity for purposes of subsection (B)(7), the court could nevertheless properly consider their planning and travel from Michigan to commit this offense as one of the other factors it was generally permitted to consider as part of sentencing. Second, as we note above, even if the trial *Page 9 
court erred by citing "organized criminal activity," that error is harmless because the trial court cited other reasons to justify appellant's sentence. See Crim. R. 52(A).
 {¶ 17} Accordingly, based upon the foregoing reasons we hereby overrule appellant's fourth assignment of error.
 IV {¶ 18} Appellant asserts in his fifth assignment of error that he received ineffective assistance of trial counsel. The underlying bases for this argument is that his counsel failed to object, or to otherwise challenge, the issues he raises in his first, second, third and fourth assignments of error.
 {¶ 19} Insofar as the restitution order is concerned, because we have reversed that order appellant's claims have been rendered moot. With regard to the trial court's citation of "organized criminal activity," we note that to establish ineffective assistance of counsel a defendant must show that (1) his counsel's performance was deficient, and (2) such deficient performance prejudiced the defense and deprived him of a fair trial. See Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 104 S.Ct. 2052. Both prongs of the Strickland test need not be analyzed, however, if the claim can be resolved under one. SeeState v. Madrigal (2000), 87 Ohio St.3d 378, 389, 721 N.E.2d 52.
 {¶ 20} To establish prejudice, a defendant must demonstrate that a reasonable probability exists that but for counsel's errors, the result of the trial would have been different. State v. White (1998),82 Ohio St.3d 16, 23, 693 N.E.2d 772; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, at paragraph three of the syllabus. As we note above, we believe that the trial court cited additional and sufficient reasons to justify appellant's eighteen month sentence. Appellant has not persuaded us that the *Page 10 
court would have imposed a different sentence had counsel raised this issue. Accordingly, we find no merit in this assignment of error and it is hereby overruled.
 {¶ 21} Having sustained appellant's third assignment of error, the trial court's judgment is hereby affirmed in part, reversed in part and the matter remanded for further proceedings consistent with this opinion.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. *Page 11 
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed in part, reversed in part and the cause remanded and that appellant recover of appellee the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Please Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, J.: Concurs in Judgment Opinion as to Assignments of Error I, II, III V; Concurs in Judgment Only as to Assignment of Error IV
McFarland, J.: Concurs in Judgment Opinion
[3] We acknowledge that a division of authority exists sinceFoster as to the proper standard of review to apply in sentencing cases. In light of the Ohio Supreme Court's expression that sentencing now rests in the discretion of trial courts, the authorities noted above apply an "abuse of discretion" standard. Other districts apply the R.C. 2953.08(G)(2) "clear and convincing" standard. See e.g. State v.Morris, Cuyahoga App. No. 89425, 2008-Ohio-3026, at ¶ 3. Apparently, the issue is now before the Ohio Supreme Court and we await its guidance. See State v. Kalish, Lake App. No. 2006-L-093, 2007-Ohio-3850, appeal allowed State v. Kalish, 116 Ohio St.3d 1455, 878 N.E.2d 33,2007-Ohio-6803.
[4] Even if we had applied the "clear and convincing" standard in this case, we would have likewise upheld the trial court's sentence. *Page 1