[Cite as *State v. Thompson*, 2020-Ohio-723.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                     CASE NO.  1-19-30

    v.

DAVID A. THOMPSON,                    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2018 0226

**Judgment Affirmed**

Date of Decision:   March 2, 2020

APPEARANCES:

    *Marley C. Nelson* **for Appellant**

    *Jana E. Emerick* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, David A. Thompson ("Thompson"), appeals the January 23, 2019 judgment entry of sentence of the Allen County Court of Common Pleas. We affirm.

{¶2} On July 12, 2018, the Allen County Grand Jury indicted Thompson on one count of possession of cocaine in an amount equal to or exceeding 20 grams but less than 27 grams of cocaine in violation of R.C. 2925.11(C)(4)(D), a second-degree felony. (Doc. No. 4). Thompson appeared for arraignment on July 23, 2018 and entered a plea of not guilty. (Doc. No. 11). The initial jury-trial date was assigned for October 2, 2018, but continued twice. (Doc. Nos. 18, 34, 35, 47, 50, 51, 65, 66, 106). In anticipation of the trial, five law-enforcement officers from the Lima Police Department were each served a subpoena by a deputy sheriff from the Allen County Sheriff's Office on September 21, 2018, then again on September 30, 2018 (for the rescheduled jury trial on October 16, 2018), once more on December 18, 2018 (for the rescheduled jury trial on January 8, 2019), and finally, on January 3, 2019 (for the rescheduled jury trial on January 22, 2019).[1] (Doc. Nos. 17, 22, 23, 24, 25, 26, 28, 29, 30, 31, 32, 34, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 50, 51, 54, 55, 56, 57, 58, 59, 60, 61, 62, 62, 65, 66, 67, 68, 69, 70, 72, 73, 74, 75, 106).

---

[1] The October 2, 2018 and January 3, 2019 jury-trial dates were rescheduled as a result of the trial court's crowded docket. (Doc. Nos. 34, 35, 65, 66, 106); (Jan. 2, 2019 Tr. at 1-4). The January 8, 2019 jury-trial date was continued at the State's request because a key witness was unavailable. (Doc. Nos. 47, 50, 51).

{¶3} The case proceeded to a jury trial on January 22 and 23, 2019 where the jury found Thompson guilty of possession of cocaine. (Doc. No. 83, 84, 107); (Jan. 22 and 23, 2019 Tr. at 1-202). Immediately thereafter, the trial court sentenced Thompson to a six-year-mandatory-prison term. (Doc. No. 83, 84). Thompson was also ordered to pay a $10,000 fine and court costs. (Doc. No. 84).

{¶4} On May 17, 2019, Thompson filed a notice of appeal and a pro-se motion for leave to file delayed appeal which we granted on June 14, 2019. (Case No. 01-19-30, Doc. Nos. 1, 2, 3).[2] He raises two assignments of error for our review. We will address his first assignment of error followed by his second assignment of error.

### Assignment of Error I

**David Thompson's sentence is contrary to law because the trial court determined that his offense was committed "for hire or as part of an organized criminal activity" when there was no evidence in the record to support that conclusion. R.C. 2953.08(G)(2)(a)-(b); R.C. 2929.12(B); Fifth and Fourteenth Amendments, United States Constitution; Sections 10 and 16, Article I, Ohio Constitution; Trial Tr. 198.**

{¶5} In his first assignment of error, Thompson argues that the trial court erred by imposing the six-year-mandatory-prison term. In particular, he argues that

---

[2] Thompson initially failed to file an affidavit of indigency, statement and praecipe, and docketing statement as required by Loc.R. 1(B), 3, and 3(E) which could have resulted in dismissal of his appeal under Loc.R. 15. (Case No. 1-19-30, Doc. No. 3). Thereafter, Thompson satisfied the deficiencies and perfected his pro-se appeal. (Case No. 1-19-30, Doc. Nos. 4, 5, 6, 7). Subsequently, the Office of Ohio Public Defender entered its appearance as counsel of record on behalf of Thompson. (Case No. 1-19-30, Doc. No. 8).

the record does not support the trial court's sentence because the trial court improperly considered that Thompson's offense was "for hire" or "as a part of an organized criminal activity."

*Standard of Review*

{¶6} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶7} "It is well-established that the statutes governing felony sentencing no longer require the trial court to make certain findings before imposing a maximum sentence." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 29, citing *State v. Dixon*, 2d Dist. Clark No. 2015-CA-67, 2016-Ohio-2882, ¶ 14 ("Unlike consecutive sentences, the trial court was not required to make any particular 'findings' to justify maximum prison sentences.") and *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 9 ("The law no longer requires the

trial court to make certain findings before imposing a maximum sentence."). Rather, "'trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. In this case, as a second-degree felony, possession of cocaine in an amount equal to or exceeding 20 grams, but less than 27 grams of cocaine, carries a mandatory sanction of 2-year to 8-years imprisonment. R.C. 2925.11(C)(4)(D); 2929.13(F)(5); 2929.14(A)(2)(b). Because the trial court sentenced Thompson to 6 years in prison, the trial court's sentence falls within the statutory range. (Jan. 22 and 23, 2019 Tr. at 200); (Doc. Nos. 84, 107). "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *Maggette* at ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

{¶8} "R.C. 2929.11 provides, in pertinent part, that the 'overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Id.*, quoting

R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B). "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *Id.* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶9} "Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the sentencing court is not required to 'state on the record that it considered the statutory criteria or discuss[ed] them.'" *Maggette* at ¶ 32, quoting *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995). "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Id.*, citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, ¶ 14, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18. At Thompson's sentencing hearing and in its

sentencing entry, the trial court considered the R.C. 2929.11 and 2929.12 factors. (Jan. 22 and 23, 2019 Tr. at 198-201); (Doc. Nos. 84, 107).

{¶10} Thompson argues that because he was sentenced on a possession-of-cocaine conviction and not a trafficking conviction, the trial court was precluded from finding that his conduct more serious as being "for hire" or "as a part of an organized criminal activity" under R.C. 2929.12(B)(7). Indeed, the terms "for hire" and "as a part of an organized criminal activity" are not defined in R.C. Chapter 2929 and trial courts must determine on a case-by-case basis if an offense is "for hire" or "as a part of an organized criminal activity". *See State v. Woodruff*, 3d Dist. Union No. 14-04-07, 2004-Ohio-3547, ¶ 9. *See also State v. Sawyer*, 3d Dist. Allen No. 1-03-82, 2004-Ohio-1719, at ¶ 8, citing *State v. Martinez*, 6th Dist. Wood No. WD-01-027, 2002-Ohio-735, *6 (Feb. 22, 2002), citing *State v. Obregon*, 6th Dist. Sandusky No. S-99-042 (Aug. 25, 2000) and *State v. Shryock*, 1st Dist. Hamilton No. C-961111, 1997 WL 1008672 (Aug. 1, 1997).

{¶11} At issue are the following statements made by the trial court at Thompson's sentencing hearing:

[The Trial Court]    In this case I'm going to make a finding, and I don't give it a whole lot of weight under the facts of this case, but I will find that the offense was committed as part of an organized criminal

activity. That's not to say that Mr. Thompson was a member of a gang or anything like. That's not what I'm saying. But, organized criminal activity in terms of being a part of the drug culture in this community. I don't give that a whole lot weight. As far as for hire, there was really no other explanation of the nine hundred dollars that was seized from him with the drugs. But, I'll just make that note. He's part of the drug problem in the county. For that purpose, it's part of an organized criminal activity. Again, not a whole lot of make it more serious. Its serious enough because of the amount involved. But, I just note that for the record.

(Jan. 22 and 23, 2019 Tr. at 198); (*See* Doc. Nos. 84, 107). Notwithstanding these comments and finding, the presentence investigation report ("PSI") details that Thompson has previously been convicted on two counts of trafficking in cocaine

and several convictions for possession of drugs.[3] Nevertheless, assuming without deciding that the trial court may have over-reached in finding that Thompson committed the offense of possession of cocaine "for hire" or "as a part of an organized criminal activity", the record reveals that the trial court made findings supporting its sentence. Specifically, the trial court determined that the recidivism factors "weigh the heaviest in this case". (Jan. 22 and 23, 2019 Tr. at 199); (Doc. Nos. 107). Further, in assessing whether Thompson was likely to commit future crimes, the trial court considered Thompson's extensive-prior record and that he was out on bond (in case number 2017 0380) at the time he committed the instant offense. (*Id.*); (Doc. Nos. 84, 107). *See* R.C. 2929.12(D)(1), (2), (3). The trial court also found that Thompson had not responded favorably to the sanctions previously imposed. (*Id.*); (Doc. No. 107). *See* R.C. 2929.12(D)(3). Finally, his Ohio Risk Assessment System score indicated a high risk of reoffending. (*Id.*); (Doc. Nos. 84, 107). *See* R.C. 2929.12(D).

{¶12} After weighing the seriousness and recidivism factors, the trial court imposed a six-year-mandatory-prison sentence for Thompson's possession-of-cocaine conviction. As a result, we conclude that the trial court exercised its

---

[3] Further, Thompson was not employed at the time of the offense when he was found in possession of $900.00 and a significant amount of crack cocaine. (PSI). Thus, read in context, the trial court's comments and finding under division (B)(7) were qualified and given little weight. After a review of the record, we cannot disagree with the trial court's logic when it opined that Thompson's possession-of-drugs conviction under the facts presented implied that Thompson could be a part of the "drug culture" in the community, and thus permitted the trial court to invoke the factor under R.C. 2929.12(B)(7).

discretion in its sentence of Thompson, and even assuming it to be error, any reference to Thompson being "for hire" and "a part of an organized criminal activity" was harmless error.[4] *State v. Miller*, 3d Dist. Mercer No. 10-18-07, 2018-Ohio-3713, ¶ 32, (distinguishing *Woodruff* and concluding that "[e]ven though the trial court may have over-reached in finding that [Miller] committed his offense as part of organized criminal activity, the * * * trial court made additional findings supporting its sentence * * * and * * * exercised its discretion in its sentence of [Miller] and any reference * * * was harmless error.").

{¶13} We further conclude that it was within the trial court's discretion to impose a six-year-mandatory-prison sentence as "the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A). *See also* R.C. 2929.13(D). Accordingly, based on the foregoing, Thompson's sentence is not clearly and convincingly contrary to law. *See Maggette*, 2016-Ohio-5554, at ¶ 36.

{¶14} For these reasons, Thompson's first assignment of error is overruled.

### Assignment of Error II

**The trial court assessed, and the clerk of courts is working to collect, unauthorized court costs. R.C. 2947.23; Cost Bill; Section I, Article I, Ohio Constitution.**

---

[4] A harmless error is any error, defect, irregularity, or variance which not does not affect substantial right. *State v. Wilson*, 3rd Dist. Allen No. 1-09-53, 2010-Ohio-2947, ¶ 26. Crim.R. 52(A). Furthermore, a harmless error does not affect the outcome of the case and, thus, does not warrant a judgment to be overturned or set aside. *Id.*

**{¶15}** In his second assignment of error, Thompson argues that the trial court erred by ordering the imposition of court costs.[5] Thompson argues that the trial court assessed statutorily-unauthorized-court costs in the form of statutorily-unauthorized-mileage fees.

*Standard of Review*

**{¶16}** R.C. 2947.23(A)(1)(a) provides that, in all criminal cases, the trial court "shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." We have previously held that the "costs of prosecution" means "court costs" which includes those costs that are "directly related to the court proceeding and identified by a specific statutory authorization." *State v. Christy*, 3d Dist. Wyandot No. 16-04-04, 2004-Ohio-6963, ¶ 22. In *State v. Davis*, the Supreme Court of Ohio recently recognized

> that court costs are not punishment, *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 15, superseded by statute as stated in *State v. Braden*, ___ Ohio St.3d ___, 2019-Ohio-4204, ___ N.E.3d ___, and are thus not a part of a sentence, *State v. White*, 156 Ohio St.3d 536, 2019-Ohio-1215, 130 N.E.3d 247, ¶ 14. However, under R.C. 2947.23(A)(1)(a), the General Assembly has nevertheless ordered trial courts to include the costs in an offender's sentence and judgment.

---

[5] Thompson is not appealing his future ability to pay those costs nor is he arguing that his counsel was ineffective for failing to object to the imposition of court costs.

*State v. Davis*, ___ Ohio St.3d ___, 2020-Ohio-309, ¶ 7.[6] When a defendant moves to waive court costs under R.C. 2947.23, "the issue is preserved for appeal and is reviewed under an abuse-of-discretion standard." *State v. Braden*, ___ Ohio St.3d ___, 2019-Ohio-4204, ¶ 21, citing *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, ¶ 23, *superseded by statute*, *Braden*. Prior to R.C. 2947.23(C)'s enactment if a defendant failed to move to waive court cost at his sentencing hearing, he lost the ability to do so and further consideration of the issue was barred by the doctrine of res judicata. *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, ¶ 4, *superseded by statute*, *Braden*. *Threatt*, *superseded by statute*, *Braden*. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, ¶ 12, *superseded by statute*, *Braden*. However, after R.C. 2947.23(C) became effective March 22, 2013 as part of Am.Sub.H.B. No. 247, the trial court was permitted to retain jurisdiction to waive court costs "at the time of sentencing or at any time thereafter." *Braden* at ¶ 23, (concluding that "[R.C. 2947.23(C)] specifically provides an exception to res judicata when a defendant did not request waiver at sentencing or challenge his court costs on direct appeal.").

*Analysis*

{¶17} As an initial matter, we note that Thompson never objected to the imposition of court costs or the costs of prosecution by the trial court at his

---

[6] Consequently, it would be inappropriate for this court to apply the contrary-to-law standard found in R.C. 2953.08(G)(2) to the facts before us.

sentencing hearing, and he now raises this issue for the first time on appeal. (Jan. 22 and 23, 2019 Tr. at 200-201); (Doc. No. 107). "An appellant's failure to raise an issue with the trial court constitutes a waiver of that issue absent plain error."[7] *State v. Johnson*, 3d Dist. Allen No. 1-16-41, 2017-Ohio-6930, ¶ 24, quoting *State v. Stiles*, 3d Dist. Allen No. 1-08-12, 2009-Ohio-89, ¶ 31, citing *State v. Underwood*, 3 Ohio St.3d 12, 13 (1983), (concluding that Johnson's failure to object to costs during the trial court proceedings forfeited error).

{¶18} Crim.R. 52(B) governs plain error in criminal cases. The Supreme Court of Ohio has held that "'the plain error rule is to be invoked only in exceptional circumstances to avoid a miscarriage of justice.'" *State v. Long*, 53 Ohio St.2d 91, 95 (1978), quoting *United States. v. Rudinsky*, 439 F.2d 1074, 1076 (6th Cir.1971), citing *Eaton v. United States*, 398 F.2d 485, 486 (5th Cir.1968), *cert. denied*, 393 U.S. 937, 89 S.Ct. 299. Because Thompson did not object to the imposition of court costs and the cost of prosecution, we apply the plain-error rule to the facts before us.

{¶19} Our review is not without limitation. The Supreme Court of Ohio has previously concluded that there are limitations on an appellate court's decision to

---

[7] "Waiver is the intentional relinquishment or abandonment of a right, and waiver of a right 'cannot form the basis of any claimed error under Crim.R. 52(B).'" *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 23 citing *State v. McKee*, 91 Ohio St.3d 292, 299, fn. 3 (Cook, J. dissenting) and *United States v Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 1776 (1993). Forfeiture, on the other hand, "is a failure to preserve an objection * * *." *Olano*, 507 U.S. at 733, 113 S.Ct. at 1776, citing *McKee* at 299. Forfeiture does not extinguish an appellant's claim "of plain error under Crim.R. 52(B)." *McKee* at 299.

review and correct an error under Crim.R. 52(B). *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). "First, there must be an error, i.e., a deviation from a legal rule." *Id.* citing *State v. Hill*, 92 Ohio St.3d 191, 200 (2001), citing *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776 (1993). "Second, the error must be plain. To be "plain" within the meaning of Crim.R. 52(B), an error must be an "obvious" defect in the trial proceedings." *Id.*, citing *State v. Sanders*, 92 Ohio St.3d 245, 257, (2001), citing *State v. Keith*, 79 Ohio St.3d 514, 518 (1997) and *Olano*, 507 U.S. at 734, 113 S.Ct. at 1777. "Third, the error must have affected 'substantial rights.' We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." *Id.*, citing *Hill*, 92 Ohio St.3d at 205, *State v. Moreland*, 50 Ohio St.3d 58, 62 (1990), and *Long*, 53 Ohio St.2d at 91, paragraph two of the syllabus. Thompson is "required to demonstrate a reasonable probability that the error resulted in prejudice—the same deferential standard for reviewing ineffective assistance of counsel claims." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 22, citing *United States v. Dominguez Benitez*, 542 U.S. 74, 81-83, 124 S.Ct. 2333, 2339-2341 (2004). That is—an appellate court addressing the failure to object to the imposition of court costs "must review the facts and circumstances of each case objectively and determine whether the defendant demonstrated a reasonable probability that had his counsel moved to waive [or had

Thompson objected to the imposition of] court costs, the trial court would have granted that motion." *State v. Davis*, ___ Ohio St.3d ___, 2020-Ohio-309, ¶ 14.

**{¶20}** Our review of the record conclusively establishes that each of the subpoena-mileage fees were associated with scheduled- or rescheduled-jury-trial dates relative to Thompson's court proceeding, and thus, in our estimation, the only remaining question is to identify whether the subpoenas-mileage fees were statutorily authorized under R.C. 311.17(B)(1). (Doc. Nos. 17, 22, 23, 24, 25, 26, 28, 29, 30, 31, 32, 34, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 50, 51, 54, 55, 56, 57, 58, 59, 60, 61, 62, 62, 65, 66, 67, 68, 69, 70, 72, 73, 74, 75, 106). 1913 Ohio Atty.Gen.Op. No. 547, at 379. *See* 1931 Ohio Atty.Gen.Op. No. 3099, at 469. *Compare Mckinley v. Kilgore*, 4th Dist. Highland No. 559, 1985 WL 9416, *1 (July 29, 1985). Even if we assume without deciding that the trial court erred in imposing statutorily-unauthorized-court costs based on statutorily-unauthorized-mileage fees, Thompson fails to demonstrate that there is a reasonable probability that the error resulted in prejudice. *See Davis* at ¶ 14. *Rogers*, 2015-Ohio-2459, at ¶ 22. *State v. Wickline*, 50 Ohio St.3d 114, 120, citing *Long*, paragraph two of the syllabus and *State v. Greer*, 39 Ohio St.3d 236, 252 (1988).

**{¶21}** Moreover, based on the limited facts before us, Thompson has not shown us that the trial court erred in assessing statutorily-unauthorized-court costs predicated on statutorily-unauthorized-mileage fees because the record is unclear as

to the specifics of the service and filing of the subpoenas in question. Further, with this limited record, Thompson cannot establish that had he objected to the imposition of such unauthorized costs that the trial court would have granted his motion. *See Davis* at ¶ 14. Nevertheless and notwithstanding our conclusion, Thompson has not lost the ability to seek waiver, suspension, or modification of the payment of the costs of prosecution in this case. *See* R.C. 2947.23(C). *Braden*, ___ Ohio St.3d ___, 2019-Ohio-4204, at ¶ 23. Consequently, we cannot conclude that the trial court deviated from some legal rule, with an obvious defect in the proceeding, that affected Thompson's substantial rights. Accordingly, we find no plain error exists which has caused a manifest miscarriage of justice. *See Long*, 53 Ohio St.2d at 95. For these reasons, Thompson's second assignment of error is overruled.

{¶22} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, P.J. and PRESTON, J., concur.**

**/jlr**